IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LINDA WOO,

    Petitioner,

v.

DEBORAH K. JOHNSON, Warden of the Central California Women's facility,

    Respondent.

No. C 13-04195 JSW

**ORDER TO SHOW CAUSE**

Petitioner Linda Woo, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner was charged with murder of her three-year-old daughter, attempted murder of her four and a half year old son, with the additional allegation that she had committed the office willfully, deliberately, and with premeditation, and assault on a child under eight years of age by means of force likely to cause great bodily injury. Following a jury trial, Petitioner was convicted of murder and attempted murder with the special allegation found to be true. Jurors could not agree on the verdict for the third count, as to which the trial court declared a mistrial.

After a sanity phase and following deliberations, the jury returned a verdict finding Petitioner sane as to both counts of conviction and the related special allegation. On November 24, 2009, the trial court sentenced Petitioner to state prison to serve concurrent sentences for 25 years to life and to life in prison, both with the possibility of parole.

United States District Court
For the Northern District of California

**DISCUSSION**

**A.    Legal Standard.**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

**B.    Petitioner's Legal Claims.**

Petitioner seeks federal habeas corpus relief by raising the following claim regarding the trial court rulings regarding the jury instructions given at the sanity phase of her trial. Liberally construed, the claims appear potentially colorable under 28 U.S.C. § 2254 and merit an answer from Respondents.

**CONCLUSION**

For the foregoing reasons and for good cause shown:

1. Petitioner shall serve by certified mail a copy of this Order and the petition and all attachments thereto upon Respondent.

2. Respondent shall file with the Court and serve on Petitioner, within 60 days of the date of this Order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the administrative record that are relevant to a determination of the issues presented by the petition.

2

3. If Petitioner wishes to respond to the answer, she shall do so by filing a traverse with the Court and serving it on Respondent within 30 days of her receipt of the answer.

**IT IS SO ORDERED.**

Dated: October 25, 2013



JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

Case 4:13-cv-04195-JSW   Document 4   Filed 10/25/13   Page 4 of 4